United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 20-11101-amc |
| Cristal M. Watkins-Ford | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Aug 25, 2025 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 27, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Cristal M. Watkins-Ford, 191 Presidential Blvd., #512, Bala Cynwyd, PA 19004-1218 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 27, 2025    Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 25, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ANTHONY ST. JOSEPH | on behalf of Creditor United States of America on Behalf of U.S. Department of Housing and Urban Development (HUD) anthony.stjoseph@usdoj.gov  Mardella.Suarez@usdoj.gov,CaseView.ECF@usdoj.gov |
| DENISE ELIZABETH CARLON | on behalf of Creditor BANK OF AMERICA   N.A. bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| KRISTEN D. LITTLE | on behalf of Creditor Compu-Link Corporation d/b/a Celink as servicer for Reverse Mortgage Funding LLC KRLITTLE@FIRSTAM.COM |
| MICHAEL JOHN CLARK | on behalf of Creditor Compu-Link Corporation d/b/a Celink as servicer for Reverse Mortgage Funding LLC mclark@pincuslaw.com |

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Aug 25, 2025 | Form ID: pdf900 | Total Noticed: 1 |

MICHELLE LEE
    on behalf of Debtor Cristal M. Watkins-Ford bky@dilworthlaw.com

REBECCA ANN SOLARZ
    on behalf of Creditor BANK OF AMERICA  N.A. bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com

STEFAN RICHTER
    on behalf of 191 Presidential Condominium Unit Owners Association srichter@clemonslaw.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | |
|     Cristal M. Watkins-Ford | : | Chapter 13 |
|  | : | Bankruptcy No. 20-11101 [amc] |
|     Debtor. | : | |

## **STIPULATION**

1. On February 22, 2020, Cristal M. Watkins-Ford (the "Debtor") filed a bankruptcy petition seeking relief under Chapter 13. ECF No. 1, p. 3.

2. The petition lists the Debtor's residence as 191 Presidential Boulevard, #512, Bala Cynwyd, Pennsylvania (the "Residence"). *Id.* at p.2.

3. On February 28, 2020, the Residence's condo association, 191 Presidential Condominium Association (the "COA"), filed a proof of claim for $21,883.20 (the "COA debt"). Claim 2-1.

4. On April 20, 2020, Reverse Mortgage Funding LLC filed a proof of claim for $141,442.89 which was secured by a Home Equity Conversion Mortgage ("HECM"), known as a "reverse mortgage" on the Residence. Claim 12-1.

5. On July 24, 2020, the Debtor filed a plan that proposed to pay the COA over the life of her 60-month plan, ECF No. 27, which was confirmed on September 1, 2020. ECF No. 36.

6. On May 1, 2022, the Debtor filed an amended plan that extended the total length of the plan to 84 months and still proposed to pay the COA's claim in full. ECF No. 48, p. 3. This plan was approved on May 4, 2022. ECF No. 51.

7. On August 1, 2023, while the Debtor's bankruptcy was pending, the HECM was assigned to HUD.[1]

8. On or around February 14, 2024, after being assigned the HECM, HUD brought condo fees current by paying $17,944.25 to cure both the pre-petition and post-petition debt owed to the COA.[2]

9. On February 29, 2024, the COA filed a *Praecipe to Withdraw Proof of Claim* and requested the Court mark POC 2 as withdrawn. ECF No. 70.

10. Because HUD did not file a *Transfer of Claim* for the COA debt, the Debtor's monthly plan payments were applied to unsecured creditors.

11. On July 15, 2024, the chapter 13 trustee agreed to place a hold on the case pending a resolution accounting for the COA debt.

12. The trustee's accounting shows that from February 29 through July 15, 2024, over $1,935.35 that would have been used to pay down the COA debt, was paid to unsecured creditors.

13. After being assigned the HECM, HUD also paid the Debtor's post-petition monthly COA dues of $2,103 per month, in February, March, and April of 2024, for a total of $6,309.

14. The Debtor alleges that HUD's servicer, Compu-link, reached out to the Debtor to try and collect the outstanding debt.

---

[1] During the bankruptcy, HUD noticed a discrepancy between its allonges and the allonges filed on the docket in POC 12-1. HUD's servicer, Compu-link, as agent for all relevant parties, prepared corrected allonges.

[2] From the Chapter 13 Trustee's payment history for Claim 2, HUD determined that of the $17,944.25 paid to the COA, $10,451 was for the balance remaining on Claim 2 (pre-petition debt), and the remaining 7,493.25 was for debt outside of Claim 2 (post-petition debt).

15. The "Outstanding Balance" for the HECM is $24,253.25, which is made up of:

    i. $17,944.25 HUD paid on February 14, 2024, to bring COA balance current; and

    ii. $6,309 HUD paid in February, March, and April of 2024 in monthly COA fees.

**AND NOW**, it is hereby stipulated and agreed by and between the undersigned as follows:

16. To resolve the Outstanding Balance owed to HUD and any potential stay violation, HUD agrees to roll the Outstanding Balance into the larger HECM debt only to become due when the full HECM becomes due and payable.[3]

17. HUD will modify the HECM balance to reflect:

    i. $10,451 be <u>added</u> for the 02/14/24 payment HUD made to the COA to bring the Debtor's *pre-petition* debt current.

    ii. $7,493.25 be <u>added</u> for the 02/14/24 payment HUD made to the COA to bring the Debtor's *post-petition* debt current.

    iii. $6,309.00 be <u>added</u> for the COA dues HUD paid in February, March, and April of 2024.

    iv. $1,935.35 be <u>subtracted</u> to reflect the amount of the Debtor's plan payments that would have gone to pay down the COA debt.

18. HUD reserves the right to pursue a motion for relief from stay or any other remedies available under bankruptcy law and applicable non-bankruptcy if the Debtor fails to

---

[3] The entire HECM balance can become due and payable under multiple scenarios, including but not limited to if the borrower passes away, sells the property, or fails to pay condo dues or taxes. For a full list of obligations under the HECM program see HUD's Regulations at 24 CFR Part 206 and the terms of the Debtor's Note and Mortgage.

maintain her association fees, taxes, insurance, or fails to comply with any of the terms of the note and mortgage.

19.    For the avoidance of doubt, any defaults that are not expressly included in the above definition of "Outstanding Debt" are not part of this Stipulation, and HUD has the right to pursue its remedies.

20.    The provisions of this Stipulation do not constitute a waiver by HUD of its right to seek reimbursement of any amounts not included in this Stipulation, due under the terms of the mortgage and applicable law.

21.    The Debtor will file a motion to amend her chapter 13 plan reflecting this agreement within 30 days of the Court approving this Stipulation. Failure to amend the plan within 30 days is cause for this case to be dismissed.

22.    The parties agree that a facsimile signature shall be considered an original signature.

Date: 8/11/2025

/s/ *Anthony St. Joseph*
Anthony St. Joseph, Esquire
Assistant United States Attorney

Date: 8/8/25

/s/ *Michelle Lee*
Michelle Lee, Esquire
Attorney for the Debtor

Date: 8/8/2025

/s/ Jack K. Miller, Esquire  for
Kenneth E. West, Esquire
Chapter 13 Standing Trustee

*I have no objection to its terms, without prejudice to any of our rights and remedies*

Date: Aug. 22, 2025

_____
**Ashely M. Chan**
**Chief U.S. Bankruptcy Judge**